

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2009

# Raymond Martadinata v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1575

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Raymond Martadinata v. Atty Gen USA" (2009). *2009 Decisions.* Paper 2037.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2037

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1575
_____

RAYMOND MARTADINATA,
Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A79-497-612
Immigration Judge: Donald V. Ferlise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 2008

MCKEE, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 14, 2009)
_____

OPINION
_____

PER CURIAM

Petitioner Raymond Martadinata, an ethnic Chinese Christian native and citizen of

Indonesia, entered the United States on January 30, 2001 as a nonimmigrant B-2 visitor

with authorization to remain for a temporary period not to exceed July 29, 2001.

Martadinata overstayed his visit, and was served with a Notice To Appear for removal proceedings, which alleged that he was removable under Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). On May 23, 2005, the Immigration Judge denied a second motion for change of venue, required Martadinata to proceed without his accredited representative, Ms. Janet Hinshaw-Thomas, and denied his application for asylum under INA § 208(a), 8 U.S.C. § 1158(a), and withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and the Convention Against Torture, 8 C.F.R. §§ 1208.16(c), 1208.18. On December 5, 2006, the Board of Immigration Appeals adopted and affirmed the IJ's decision.[1] Martadinata obtained new counsel and timely petitioned for review of the Board's December 5, 2006 decision. We have addressed this petition for review (No. 07-1012) in a separate opinion.

Martadinata also, with new counsel's assistance, filed a motion to reopen with the Board on March 7, 2007 in an attempt to remedy an evidentiary problem at his original

---

[1] In pertinent part, the Board concluded that Martadinata suffered no prejudice as a result of his having had to proceed without his representative, because his cumulative experiences, including one violent incident in July 1998 during which he suffered serious injuries, did not amount to past persecution. With respect to a well-founded fear of future persecution, there was no evidence that his family members, who remained in Indonesia, had been targeted for persecution, no evidence of an actual pattern or practice of persecution against ethnic Chinese Indonesian citizens, see Lie v. Ashcroft, 396 F.3d 530, 537-38 & n.4 (3d Cir. 2005), and, although the country conditions evidence described a bleak situation for ethnic Chinese in some parts of Indonesia, other parts of Indonesia had not experienced the same difficulties, and there were countervailing trends toward moderation.

removal hearing,[2] and provide an explanation for his representative's failure to appear at that hearing. Ineffective assistance on the part of Ms. Henshaw-Thomas was mentioned in the alternative as a possible basis for reopening. App. 28. With his motion to reopen, Martadinata submitted an affidavit from Ms. Hinshaw-Thomas,[3] medical records documenting the severe injuries he suffered during the July 1998 incident, and a copy of his mother's death certificate. Martadinata also submitted an affidavit. See 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material.").

The Department of Homeland Security opposed Martadinata's motion to reopen. In a decision dated July 2, 2007, the Board denied the motion as untimely, because it was filed more than 90 days after its December 5, 2006 decision, see 8 C.F.R. § 1003.2(c)(2).[4]

---

[2] During his removal hearing, the government elicited testimony from Martadinata on cross-examination that his mother had since died "as a result of persecution." Martadinata's siblings told him that someone threw a rock at her as she was riding her bicycle to the market. The IJ could not take this incident into consideration because Martadinata failed to offer evidence as to who threw the rock, and whether it was thrown by a native Muslim because his mother was ethnic Chinese.

[3] In her affidavit, Ms. Hinshaw-Thomas stated that, after not seeing Martadinata for some time, she met with him on the evening of May 22, 2005. She was having breathing difficulties, and advised him she might not be able to attend his hearing. On the morning of the hearing, she attempted to call the Immigration Court a total of six times, but was forced to leave a message on the automated answering service. She made the assumption that her message would be picked up by someone at the Immigration Court.

[4] The motion was due on Monday, March 5, 2007.

The Board further concluded that exceptional circumstances did not warrant the exercise of its power to sua sponte reopen proceedings, see 8 C.F.R. § 1003.2(a); Matter of J-J-, 21 I. & N. Dec. 976 (BIA 1977), because Martadinata still had not shown that he was prejudiced by having had to proceed without Ms. Henshaw-Thomas' assistance. Given the IJ's favorable credibility finding with respect to the one violent incident in July 1998, Martadinata could not show that his medical evidence documenting those injuries would have altered the outcome. In addition, he still could not show a well-founded fear of future persecution based on an assertion that his family members had been harmed, because his mother's death certificate by itself was not probative of the reason for the attack that killed her. For this same reason, that is, the absence of any prejudice to Martadinata, the Board concluded that it was not necessary to consider whether equitable tolling on the ground of ineffective assistance by Ms. Henshaw-Thomas was appropriate, see generally Mahmood v. Gonzales, 427 F.3d 248 (3d Cir. 2005).[5] No timely petition for review of the Board's July 2, 2007 decision was filed.

At issue in the instant petition for review, Martadinata's new counsel filed a motion to reissue the Board's July 2, 2007 decision, which found the motion to reopen untimely and in which the Board declined to exercise its sua sponte authority to reopen the proceedings. New counsel contended that he did not receive the Board's decision in time to meet the thirty-day deadline for filing a petition for review due to the fact that he

---

[5] Of course, Ms. Henshaw-Thomas did not participate in the filing of the untimely motion to reopen.

4

was on vacation. Because he was on vacation, he also failed to timely communicate the Board's decision to Martadinata. New counsel asserted that the error was not discovered until he returned from vacation.

On January 28, 2008, the Board denied Martadinata's request to reissue the July 2, 2007 decision. Noting that it has on certain occasions reissued decisions due to Board error or administrative problems involving receipt of its decisions, in Martadinata's case neither non-receipt nor ineffective service was alleged. The Board further stated: "While the respondent's counsel accepts responsibility for respondent's inability to seek judicial review [of the July 2, 2007 Board decision], the respondent does not raise a claim of ineffective assistance of counsel, see Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988).

Martadinata has timely petitioned for review. We have jurisdiction to review a Board decision denying a motion to reissue a decision. Jahjaga v. U.S. Attorney Gen., 512 F.3d 80, 82 (3d Cir. 2008). Our review is of course limited to the Board's January 28, 2008 decision declining to reissue the July 2, 2007 decision. The petition for review, filed on February 26, 2008, is not timely with respect to the July 2, 2007 decision, 8 U.S.C. § 1252(b)(1) (providing for a period of thirty days in which to file a petition for review), and we thus lack jurisdiction to review the Board's determination that Martadinata's motion to reopen was not timely filed within 90 days as required by 8 C.F.R. § 1003.2(c)(2).[6]

---

[6] The Board's decision not to exercise its sua sponte authority to reopen proceedings generally is unreviewable even where a timely petition for review has been filed. See

5

We have held that: "Because no statute provides that motions to reissue are solely within the [Board's] discretion, we possess jurisdiction to review their denial for abuse of discretion." Jahjaga, 512 F.3d at 82 (citing Khan v. U.S. Attorney Gen., 448 F.3d 226, 233 (3d Cir. 2006)). The applicable regulations require the Board to serve its final decision on an alien, 8 C.F.R. § 1003.1(f), or the alien's attorney of record, 8 C.F.R. § 1292.5(a). The regulations define "service" as either "physically presenting or mailing a document to the appropriate party or parties." 8 C.F.R. § 1003.13. Here, there is no assertion that the wrong person was served or that service was not effected in the appropriate way. New counsel's vacation lapse does not provide us with a basis for concluding that the Board abused its discretion in denying the motion to reissue its July 2, 2007 decision.[7]

For the foregoing reasons, we will deny the petition for review.\

---

Cruz v. U.S. Attorney Gen., 452 F.3d 240, 249 (3d Cir. 2006); Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

[7] As the Board noted, new counsel's ineffectiveness has not been asserted, either with respect to the late filing of the motion to reopen or the failure to file a timely petition for review of the Board's July 2, 2007 decision. We doubt that such an assertion would make a difference in any event, however, because Martadinata suffered no prejudice as a result of new counsel's conduct. The new evidence submitted with his motion to reopen did not warrant reopening proceedings. Martadinata's medical documentation corroborated injuries that were never in doubt, and his mother's death certificate established only the fact of her death, which was insufficient to show a well-founded fear of persecution. Thus, his motion to reopen, even if it had been timely filed, did not establish *prima facie* eligibility for relief, see Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004). It necessarily follows that a timely petition for review of that decision would not have been successful either.